UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL BRUMFIELD, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04024-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br>Dkt. Nos. 9, 10, 11, and 12 |

## INTRODUCTION

Plaintiff Daronta T. Lewis raises a series of unrelated claims in his 68-page complaint. This is improper. Fed.R.Civ.P. 20(a)(2). His complaint is DISMISSED with leave to file an amended complaint on or before **January 25, 2021**. In the amended complaint, Lewis must decide which of his claims to pursue, as discussed below.

<u>The amended complaint should be no longer than 10 pages in total.</u> Failure to file a proper amended complaint by January 25, 2021, or failure to comply with the instructions given in this order, may result in the dismissal of this suit and the entry of judgment in favor of defendants.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Lewis alleges many unrelated claims against his former jailors at West County Detention Center in Richmond, California.[1] He alleges claims of (i) excessive force; (ii) retaliation under the First Amendment; (iii) violations of the Americans With Disabilities Act; (iv) housing in an unclean cell; (v) sexual assault; (vi) being transported unsafely; and (vii) denial of court access.

Lewis may not bring unrelated claims in one suit. Federal pleading rules require

---

[1] Lewis is currently housed at the California Health Care Facility in Stockton, California.

that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). In his amended complaint, he must decide which claim he wishes to pursue, such as excessive force or denial of court access or denial of appropriate housing, for example. He may then allege facts that give rise to that claim and any other claim that is closely related to the facts involved, as required by Federal Rule of Civil Procedure 20(a)(2).

## MOTIONS

Lewis has filed various motions. He asks the Court to prevent the West County Detention Facility (WCDF) from preventing him from equal access to the courts. (Dkt. No. 9.) This motion is DENIED as moot as he is no longer housed at WCDF. Similarly, Lewis's motion for an order directing his jailors at WCDF to stop interfering with his mail is also DENIED as moot as he is no longer housed at WCDF. (Dkt. No. 12.)

Lewis's motion for the Court to send him a complaint form is GRANTED. (Dkt. No. 10.) A copy of the form will be sent to him. His request for a copy is DENIED as premature. When he files an amended complaint that complies with the instructions in this Order, Lewis may file a motion for a copy of his amended complaint.

Lewis's motion for copies of all documents in the docket is GRANTED. (Dkt. No. 11.) A copy request form will be sent to him.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before January 25, 2021. The amended complaint must include the caption and civil case number used in this order (20-04024 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference.

3

Furthermore, the amended complaint should be no longer than 10 pages in total. Lewis need not file any exhibits with the new complaint, plaintiff having submitted many pages of exhibits with the prior complaint. If he states cognizable claims in the amended complaint, he will be allowed to file additional exhibits if necessary. Failure to file an amended complaint in accordance with these instructions may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** December 9, 2020



_____
WILLIAM H. ORRICK
United States District Judge