UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br>　　　　Plaintiff,<br>　　v.<br>MICHAEL BRUMFIELD, et al.,<br>　　　　Defendants. | Case No. 20-cv-04024-WHO<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT; MOTION TO BE HEARD; ORDER OF DISMISSAL** |

On December 9, 2020, Plaintiff Daronta T. Lewis's 42 U.S.C. § 1983 68-page complaint was dismissed with leave to file an amended complaint. (Dkt. No. 14.) Lewis was told that his complaint could not rely on conclusions rather than facts and could not bring claims that were unrelated by fact and law. (*See generally, id*.) Lewis was also instructed twice in the December 9, 2020 order that his amended complaint could be no more than 10 pages. (*See id*. at 1, 4.) Lewis was cautioned that if he did not comply with the instructions given in the December 9, 2020 order, his action may be dismissed.

After an extension of time, Lewis filed a First Amended Complaint on February 24, 2021. (Dkt. No. 24.) He then filed a Second Amended Complaint on March 4, 2021 (Dkt. No. 26), and a Third Amended Complaint ("TAC") on March 18, 2021 (Dkt. No. 28). Lewis filed two motions asking that the TAC be treated as the operative complaint. (Dkt. Nos. 27, 29.) Lewis's requests are granted. The TAC will be treated as the operating complaint.

As explained below, the TAC has failed to cure the defects of Lewis's original pleading, the TAC is prolix and amendment would be futile. This action is dismissed.

**DISCUSSION**

**A.  Legal Standard**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Analysis**

In the TAC, Lewis has failed to cure the defects that plagued his original complaint. The TAC can only be described as prolix, and is dismissed as such. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming district court's dismissal of complaint as prolix); *Stucker v. Idaho*, 831 F. App'x 287 (9th Cir. 2020) ("The district court properly dismissed [the plaintiff's] action for failure to comply with Rule 8 because,

1  despite an opportunity to amend, Stucker's operative second amended complaint was
2  prolix, confusing, and failed to allege clearly the bases for his claims.") (applying
3  *McHenry*, 84 F.3d at 1179-80); *Pope v. Palmer*, 648 F. App'x 735, 736 (9th Cir. 2016)
4  ("The district court did not abuse its discretion by dismissing [a pro se prisoner's] action
5  without prejudice because, after being warned of the possibility of dismissal, [the pro se
6  prisoner] failed to comply with Rule 8(a)'s requirement of a short and plain statement of
7  the claims.") (same).

As a first example of the prolix nature of the TAC, it is nearly four times longer than permitted. Lewis was twice instructed to file an amended complaint of no more than ten pages so that he could focus his claim and comply with the requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). He ignored this instruction and filed a thirty-nine-page TAC. Were this length necessary to explain Lewis's allegations, his refusal to follow instructions might be understandable. This length is not necessary. Instead, the TAC is filled with discussions of Lewis's other pending lawsuits and with repetitive statements. (*See generally*, TAC.) It includes claims which duplicate those raised in other actions Lewis has pending in this District. (*Compare id.* at 5 (claiming "inhumane conditions") *with* Dkt. No. 1, *Lewis v. Contra Costa County*, No. 3:20-cv-2164-WHO (N.D. Cal.) (same, in action pending referral to pro bono counsel).) The TAC's verbosity also causes Lewis to plead contradictions: He simultaneously alleges that correctional officers wronged him pursuant to "unwritten policies, customs, and practices" (*id.* at 13), that the sheriff "turned a blind eye" to correctional staff actions (*id.* at 9), and that correctional staff acted pursuant to official policies adopted by Contra Costa County (*see id.* at 11). These assertions cannot simultaneously be true.

As a second example of the prolix nature of the TAC, Lewis again pleads claims and events that are unrelated. The TAC describes actions taken by different defendants that occurred between April 15, 2019 and March 18, 2020; on April 29, 2020; on May 8, 2020; and on June 2, 2020. (*See generally*, TAC.) There is no factual relationship

between these various events and defendants. (*See generally*, *id*.) Nor do Lewis's claims raise common questions: He variously purports to bring claims for "illegal force and violence," "inhumane conditions," retaliation, deliberate indifference to an unspecified need, due process violations, equal protection violations predicated on membership in a class, equal protection violations as to a class of one, and unspecified violations of the Fifth and Sixth Amendments. (*See* TAC at 5-6.) These claims involve different legal standards and necessarily depend on different facts. Lewis was already cautioned that he could only bring claims "based on 'the same transaction, occurrence, or series of transactions or occurrences' [that] pose a 'question of law or fact common to all defendants.'" (Dec. 9, 2020 order at 3 (quoting Fed. R. Civ. P. 20(a)(2)).) He did not comply with this instruction.

Similarly, Lewis again names defendants without connecting them to any alleged wrongdoing. Lewis names nineteen defendants, three of them Does, but only alleges actions taken by eight. (*See generally*, TAC.) Moreover, many of these defendants appear to have been sued in their supervisory capacity, which is impermissible. (*See, e.g.*, TAC at 19-20 (naming "supervisor Charlene Jacquez," "Lt. McCormick . . . as M-Unit Sgt.," "Sgt. Young as M-Unit Sgt.," "and female Sgt. John Doe whom is on duty").) *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983.").

Finally, Lewis again provides conclusions rather than facts. For example, although Lewis repeatedly states that his due process rights were violated, the TAC does not mention any court actions or disciplinary proceedings. (*See generally, id*.) Even where an approximate cause of action can be discerned, Lewis alleges conclusions rather than facts to support it. For example, Lewis alleges that Sheriff Livingston should be held liable because he had "knowledge" of subordinates' wrongdoing, because correctional officers had "meetings to shield protect each other," in which the sheriff and officers agreed "to subject me to this." (TAC at 29.) But Lewis does not plead that the officers who actually wronged him were at these supposed meetings, what actions the sheriff and officers

4

discussed "subject[ing]" Lewis to in those meetings, or how Lewis knew these supposed meetings took place. (*See generally, id*.) He thus does not provide the facts necessary to support his conclusory statement that the sheriff had knowledge of the alleged constitutional violations. Lewis was expressly instructed to "allege facts that give rise to [each] claim" (Dec. 9, 2020 order at 3) but fails to do so.

Lewis failed to follow the instructions he was given, and again submitted a fatally defective pleading. This is Lewis's third amended complaint, and he expressly described it as the "best one" (Dkt. No. 29 at 1), suggesting that he cannot do better. It is apparent that further amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that where a party has "fail[ed] to cure deficiencies by amendments previously allowed," further amendment would be futile); *Kolacek v. Lewis*, 974 F.2d 1342 (9th Cir. 1992) (unpublished) ("The district court, however, permitted [the pro se prisoner] to amend his complaint once. The district court was not required to give [the pro se prisoner] multiple opportunities to amend his complaint.") (applying *Foman*, 371 U.S. at 182). Because Lewis has failed to file a complaint that contains a plausible cause of action after having been given a chance to amend and instructions on how to do so, and instead filed the prolix TAC, this suit is dismissed.

## CONCLUSION

This federal civil rights suit is DISMISSED.

The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 4, 2021



WILLIAM H. ORRICK
United States District Judge