UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL BRUMFIELD, et al.,<br><br>  Defendants. | Case No. 20-cv-04024-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Dkt. No. 61 |

## INTRODUCTION

Plaintiff Daronta T. Lewis alleges that guards at the Martinez Detention Facility used excessive force against him on April 29, 2020 and May 8, 2020 in retaliation for filing grievances against jail staff. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Lewis has stated cognizable First and Eighth Amendment claims against Sergeant Cody Golden, Cory Thurman, Sergeant Michael Brumfield, and Deputy Sheriff Alfonzo. All other claims and defendants are DISMISSED.

The Court directs defendants Golden, Thurman, Brumfield, and Alfonzo to file in response to the operative complaint a dispositive motion, or a notice regarding such motion, on or before **October 23, 2023**.

## BACKGROUND

I initially dismissed this federal civil rights action because Lewis's third amended complaint "failed to cure the defects of Lewis's original pleading, the TAC is prolix and

amendment would be futile." (Order of Dismissal, Dkt. No. 30 at 1.) Lewis appealed. (Dkt. No. 32.) The Ninth Circuit Court of Appeals issued an order that said in part:

> The district court correctly determined that the operative complaint failed to comply with the requirements of Federal Rule of Civil Procedure 8. However, Lewis alleged in some detail that he was assaulted by three named correctional officers on April 29, 2020, and that a few days later, on May 8, he was assaulted and threatened by a fourth officer for making complaints about the officers involved in the April 29 incident. We vacate the judgment and remand for the district court to allow appellant leave to file an amended complaint concerning the allegations regarding the April 29 and May 8 incidents only.

(Order of USCA, Dkt. No. 36 at 1.)

I then issued an order dismissing the complaint with leave to amend. (Dkt. No. 38.) In that order, I wrote: "As the Ninth Circuit directed, the only claims Lewis may raise are those related to the alleged assaults on April 29, 2020 and May 8, 2020. Any non-related claims will be dismissed." (*Id.* at 2.)

The fourth amended complaint that Lewis filed next did not follow my direction and repeats the same problems that I previously identified and with which the Ninth Circuit agreed. It ran 62-pages, contained claims unrelated to the April 29 and May 8 assaults, included pages with much crossed-out language, recited lengthy sections of boilerplate law, and was difficult to follow and understand. In its current form, I could not parse through it to identify coherently the relevant paragraphs to the April 29 and May 8 incidents. I would have liked to let this lawsuit to proceed as the Ninth Circuit has directed, but the complaint was so confused that it would have been unfair to require the defendants to respond to it. As the Ninth Circuit has indicated, Lewis's case should proceed and must proceed on the basis of a complaint focused only on the April 29 and May 8 incidents.

For these reasons, I dismissed the fourth amended complaint, with the following instructions: "The fifth amended complaint should be no longer than 10 pages in total. In those 10 pages, Lewis should raise allegations regarding only the assaults on April 29,

1   2020, and May 8, 2020. Any material not related to those incidents will be struck, and
2   exceeding the 10 page limit will not be excused unless good cause appears." (Order
3   Dismissing Complaint, Dkt. No. 52 at 2.) I also required that the complaint appear on this
4   Court's form, a copy of which was sent to him. (*Id.*; Dkt. No. 53.)

5   The fifth amended complaint failed to comply with these instructions. It does not
6   appear on this Court's form and it is 41 pages long, rather than 10.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Lewis alleges that on April 29, 2020, at the Martinez Detention Facility Sergeant Cody Golden, Cory Thurman, and Sergeant Michael Brumfield assaulted and tortured him, allegedly in retaliation for filing grievances.  (Fifth Am. Compl., Dkt. No. 55 at 8-12.) When liberally construed, Lewis has stated First and Eighth Amendment claims against Cody, Thurman, and Brumfield.

Lewis alleges that on May 8, 2020, at the Martinez Detention Facility Deputy Sheriff Alfonzo used excessive force on him in retaliation for his grievances against the guards who allegedly assaulted him on April 29, 2020.  When liberally construed, Lewis has stated First and Eighth Amendment claims against Alfonzo.

All other claims and defendants are DISMISSED.  Lewis seeks to add defendants who were supervisors, policy makers, and grievance reviewers.  I am limited by the Ninth Circuit's instructions to allow only those claims regarding the assaults and threats on April 29 and May 8.

Lewis's motion to re-notify him of any rulings issued after the last order, which dismissed the fourth amended complaint, is GRANTED.  The present order is the only order that has been issued since that prior order.

<u>I have allowed Lewis to depart from the strict instructions in prior orders.  This will not continue.  Though it is unlikely that he will need to file an amended complaint, if he does file one, it must appear on this Court's form and it must be no longer than 10 pages in length.  Any complaint that does not strictly comply with these requirements may be summarily dismissed.</u>

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (Dkt. No. 55), all attachments thereto, and a copy of this order upon defendants Sergeant Cody Golden, Cory Thurman, Sergeant Michael Brumfield, and Deputy Sheriff Alfonzo at the

4

1   Martinez Detention Facility, and orders these defendants to respond to the cognizable
2   claims raised in the operative complaint (Dkt. No. 55).

3        2.     On or before **October 23, 2023**, defendants may file a motion for summary
4   judgment or other dispositive motion with respect to the claim(s) in the complaint found to
5   be cognizable above.

6            a.     If defendants elect to file a motion to dismiss on the grounds plaintiff
7   failed to exhaust his available administrative remedies as required by 42 U.S.C.
8   § 1997e(a), defendants shall do so in a motion for summary judgment, as required by
9   *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

10            b.     Any motion for summary judgment shall be supported by adequate
11   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
12   Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor
13   qualified immunity found, if material facts are in dispute. If any defendant is of the
14   opinion that this case cannot be resolved by summary judgment, he shall so inform the
15   Court prior to the date the summary judgment motion is due.

16        3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court
17   and served on defendants no later than forty-five (45) days from the date defendants'
18   motion is filed.

19        4.     Defendants shall file a reply brief no later than fifteen (15) days after
20   plaintiff's opposition is filed.

21        5.     The motion shall be deemed submitted as of the date the reply brief is due.
22   No hearing will be held on the motion unless the Court so orders at a later date.

23        6.     All communications by the plaintiff with the Court must be served on
24   defendants, or defendants' counsel once counsel has been designated, by mailing a true
25   copy of the document to defendants or defendants' counsel.

26        7.     Discovery may be taken in accordance with the Federal Rules of Civil
27   Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
28   Rule 16-1 is required before the parties may conduct discovery.

1  Plaintiff is reminded that state prisoners may review all non-confidential material in
2  their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.
3  1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations
4  Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.
5  Requests to review these files or for copies of materials in them must be made directly to
6  prison officials, not to the court.

7  Plaintiff may also use any applicable jail procedures to request copies of (or the
8  opportunity to review) any reports, medical records, or other records maintained by jail
9  officials that are relevant to the claims found cognizable in this order. Such requests must
10 be made directly to jail officials, not to the court.

11  8.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
12 Court informed of any change of address and must comply with the Court's orders in a
13 timely fashion. Failure to do so may result in the dismissal of this action for failure to
14 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15  9.  Extensions of time must be filed no later than the deadline sought to be
16 extended and must be accompanied by a showing of good cause.

17  10.  A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be
18 given "notice of what is required of them in order to oppose" summary judgment motions
19 at the time of filing of the motions, rather than when the court orders service of process or
20 otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir.
21 2012). Defendant shall provide the following notice to plaintiff when he files and serves
22 any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any

6

fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

11. Lewis's motion to be re-notified of any court rulings since the last order was issued is GRANTED.  (Dkt. No. 61.)

12. The Clerk shall terminate all defendants with the exceptions of Cody Golden, Cory Thurman, Michael Brumfield, and Alfonzo.  All claims against these terminated defendants are DISMISSED.

13. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:**  July 10, 2023



WILLIAM H. ORRICK
United States District Judge